* * * * * * * * * * *
The Full Commission reviewed the prior Order and prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing parties have shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence, the Full Commission modifies in part and vacates in part the Deputy Commissioner's Opinion and Award and enters the following ORDER.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are subject to and bound by the provision of the North Carolina Workers' Compensation Act. The North Carolina Industrial Commission has jurisdiction of this matter and the parties. All the parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
2. Rachel K. Ferguson is the Executrix of the Estate of John K. Ferguson, deceased, and is hereby designated as plaintiff-employee for purposes of this action.
3. Defendant-employer is Southern Engineering, on the date of the alleged injuries. Defendant-employer was insured by Aetna Casualty/Standard Fire from 1/1/69 until 1/1/84, by ACE USA from 1/1/84 until 1/1/85, and by PMA Group from 1/1/85 until 1/1/95.
4. An employer-employee relationship existed between defendant-employer and plaintiff from 5/5/58 through and to 3/15/94.
5. Plaintiffs average weekly wages will be determined from a Form 22, other documents or other evidence which will be submitted by the parties.
 * * * * * * * * * * *
The pre-trial agreement and any and all stipulations are hereby incorporated into this record as though they were fully set out.
 * * * * * * * * * * *
Based upon all the competent evidence of record, and reasonable inferences drawn therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. This claim was filed on May 22, 2000. The decedent-employee died on May 26, 1998 as a result of advanced stage lung cancer.
2. Dr. William Mitchell began to treat decedent-employee for his lung cancer on or about December 1997. Dr. Mitchell is an oncologist.
3. On or about May 5, 1998, Dr. Mitchell wrote a letter to decedent in which he stated "I have been asked to write a letter on your behalf in regards to asbestos exposure and the risk of lung cancer . . . there is a two to three times normal risk of the general population for patients with asbestos exposure in regards to development of lung cancer . . . Therefore it is very safe to assume that asbestos exposure in your case definitely correlated with your risk of developing lung cancer."
4. On March 16, 2005, Dr. Mitchell was deposed by the parties and when asked if he was identifying asbestos as the cause of decedent-employee's lung cancer, Dr. Mitchell stated "no, because the family wanted to know, if he had asbestos exposure and he smoked, what was the relative risk in regards to his lung cancer . . . I am not a qualified person to tell you if he had asbestos lung damage or those issues."
Dr. Mitchell was asked by defense counsel if decedent-employee told him that he had been exposed to asbestos and Dr. Mitchell could not recall decedent-employee telling him the same. What Dr. Mitchell does recall decedent-employee asking was if he was exposed what effect that would have on him developing lung cancer. Decedent-employee also asked what effect would smoking have on him developing lung cancer, and Dr. Mitchell indicated that he told decedent-employee that each could cause lung cancer and they both would amplify his chances of developing lung cancer.
5. The record does not show that Dr. Mitchell was ever told that plaintiff was exposed to asbestos while performing his job for defendant-employer and Dr. Mitchell never gave an opinion to plaintiff that his lung cancer was the result of his exposure to asbestos while working for defendant-employer. There is no evidence of record that decedent was ever told by competent medical authority that he was suffering from an occupational disease.
6. Plaintiff filed a Form 18B on or about May 22, 2000. Plaintiff sent the Form 18B to the North Carolina Industrial Commission and the last known address of defendant-employer. However, defendant-employer was no longer in business at that time, having declared bankruptcy in 1994. Defendant-employer's assets and name were sold to a separate company, which did not assume defendant-employer's liabilities.
7. On or about September 6, 2000, the North Carolina Industrial Commission added the various carrier-defendants as parties to this action and notified them of the same.
8. Defendant-carrier, The PMA Group (PMA) filed a Form 61 denying plaintiff's claim on or about October 24, 2000. Neither the defendant-carriers, Aetna Casualty Insurance Company (Aetna) nor Ace USA Insurance Company (Ace) filed Form 61s or any other documents denying plaintiffs claim prior to the filing of the Form 33Rs which were filed in late 2001.
9. Among other defenses raised was an allegation that this claim for death benefits arising from an alleged occupational disease was not filed within two years of the time that decedent was told by competent medical authority that he had an occupational disease.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following;
 CONCLUSIONS OF LAW
1. Plaintiff timely filed this claim in that decedent was not clearly told in the May 5, 1998 letter from Dr. Mitchell that he had developed lung cancer as a result of being exposed to asbestos while in the course and scope of his employment with defendant-employer. N.C. Gen. Stat. § 97-58 (b).
2. The Deputy Commissioner's striking of defenses and entering judgment against defendants without a full hearing was done in error and must be VACATED. The matter must be remanded to the Deputy Commissioner Section of the Industrial Commission for a hearing on issues not decided in this Order. I.C. No. 226563,Charles R. Bowles, Administrator for the Estate of Arnold DeanBowles, Deceased Employee, Plaintiff v. Norandal USA, Inc.,Employer, and CIGNA/ACE USA/ESIS, Carrier, Defendants, Order forthe Full Commission by Christopher Scott, Commissioner, filedSeptember 12, 2005.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The Deputy Commissioner's striking of defenses and entering judgment against defendants without a full hearing was done in error and is hereby VACATED.
2. This matter is remanded to the Chief Deputy Commissioner for assignment by him to a Deputy Commissioner for a hearing on all issues raised by the parties other than issues decided by the Full Commission in this order.
3. Defendants shall pay the costs of this action.
This 22nd day of March 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_________________ PAMELA THORPE YOUNG VICE CHAIRMAN